Filed 11/25/13  In re M.Y. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re M.Y., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>M.Y.,<br><br>        Defendant and Appellant. | A139078<br><br>(Solano County<br>Super. Ct. No. J40979) |

## I. INTRODUCTION

After being made a ward of the court and placed on probation in her mother's custody in 2011, appellant, now age 17, left her mother's home without permission or supervision several times, and then admitted the violations of probation to the juvenile court.  After two hearings in June 2013, and over the objection of defense counsel, the juvenile court ordered appellant placed at the New Foundations facility.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, she appeals and asks this court to examine the record and determine if there are any significant issues deserving of further briefing.  We have done so, find none, and hence affirm the juvenile court's dispositional order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2011, appellant admitted to a violation of Penal Code section 487, subdivision (c), a lesser offense to that originally charged, i.e., a violation of Penal Code

1

section 211 (robbery).  On September 7, 2011, she was made a ward of the court, put on probation, and placed in the custody of her mother, who lives in Vallejo.

On December 7, 2011, she was reported as having left that home earlier in the week and, as a result, a bench warrant was issued for her.  According to the probation report, the mother was concerned that she might be "with a pimp."  Appellant was returned to court pursuant to the bench warrant on November 14, 2012.  She admitted the violation of probation and, as a result, on December 7, 2012, the juvenile court ordered wardship continued and appellant returned to her mother's custody albeit with electronic monitoring for 90 days.  However, 10 days later, on December 17, 2012, she again left her mother's home without permission, and without using the electronic monitor.  A bench warrant was thus issued for her.

Appellant was arrested on that warrant on May 21, 2013, while at the Solano Mental Health Crisis, and booked into the Juvenile Detention Facility.  On May 29, 2013, she admitted the violation of probation, but the case was postponed for a dispositional hearing.

That hearing was held on June 12 and 16, 2013. Before the hearing, the Solano County Probation Department recommended that wardship with her mother be continued with the condition that she serve another 30 days with electronic monitoring.  It also recommended that appellant continue to attend counseling and parenting classes, which she had started earlier.  At the dispositional hearing, however, the prosecution disagreed, and requested that the court commit appellant to the New Foundations Program, because she had become a "prostitute" and was "living with her pimp."

Appellant's counsel disagreed and urged the court to accept the probation department's recommendation, noting that "she has started services" at the mental health facility "and they have been a help to her in a way that it hadn't been before . . . ."  Appellant also addressed the court and asserted that she had not recently been engaged in prostitution, that she had a son who was now 10 months old, and that she wanted to "turn myself around" and had not "been selling my body or anything of that [kind] for the last two years.  I stopped two years ago."

2

The probation officer overseeing appellant, Officer Riley, was then called as a witness by the defense. Consistent with her report to the court, she recommended that appellant be returned to her mother because she had turned herself in on the bench warrant, had participated in counseling, and appeared ready to receive further services, albeit with continued electronic monitoring and drug testing. However, on cross-examination, the officer stated that, since writing her report, she had received "conflicting information" which "does change my opinion." That information apparently included that appellant had not turned herself in voluntarily but, rather, had been detained by the sheriff's department when she was "running from a situation where she was being assaulted." Officer Riley also testified that although appellant told her that her boyfriend was 17, he was in fact "quite a bit older than she is," and that that boyfriend was not the father of appellant's child. The officer also conceded that New Foundations was locked, but also offered services that would benefit both appellant and her mother, and appellant "would be able to continue to receive the counseling she's already receiving."

After hearing this testimony, the court noted that appellant had twice been given the chance to live with her mother and have electronic monitoring, but had not done so. It also agreed that there was "a lot of evidence that she was engaging in prostitution" and had repeatedly taken off her electronic monitoring device. The court ordered appellant committed to New Foundations for a maximum period of one year, with all prior orders to remain in effect.

### III. DISCUSSION

We have carefully examined the record of the juvenile court, especially the reporter's transcripts of the dispositional hearings on June 12 and 16, 2013. We conclude that the juvenile court carefully considered the appropriate disposition to be accorded appellant, and did so after hearing from appellant, her counsel, and her probation officer. The court clearly exercised its discretion appropriately by, for example, considering the times appellant had left her mother's home, taken off her electronic monitoring device, the time she was apparently spending with her older boyfriend, and the fact that the latter

3

was not the father of her 10 month old child.  We thus conclude that there are no issues deserving of further briefing.

## IV. DISPOSITION

The juvenile court's dispositional order is affirmed.

_____

Haerle, Acting P.J.

We concur:

_____

Richman, J.

_____

Brick, J.*

4

 * Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.